UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
(973) 645-6596

February 4, 2009

**LETTER OPINION & ORDER**

William Johnson, pro se
Passaic County Jail
11 Sheriff's Plaza
Paterson, New Jersey 07501

**RE: WILLIAM JOHNSON v. DE PROSPO, et al.,
Civil Action No. 2:08-cv-01813 (KSH-PS)**

Dear Litigants:

The Court is in receipt of plaintiff William Johnson's request for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), filed on April 14, 2008.  For the reasons set forth below, the plaintiff's request is denied.

BACKGROUND

On April 14, 2008, the plaintiff filed a Complaint alleging that defendants deprived him of his constitutional rights at the time of and after his arrest.  Specifically, plaintiff alleges that defendants beat him with their asps, fists, and boots.  See Compl. 4.  Plaintiff further alleges that defendants failed to administer *Miranda* warnings and failed to advise plaintiff of his arrest or the allegations against him.  The Complaint also states that defendants planted contraband on plaintiff, falsified police reports, and maliciously initiated a criminal prosecution against him. See Compl. 4-8.  As a result of defendants' actions, plaintiff claims he suffered profuse bleeding, physical injuries, hospitalization, severe and permanent scars, humiliation, pain and suffering, mental anguish, emotional distress, psychological harm, costs of legal fees and medical bills, flashbacks, sleeplessness, loss of time, and loss of trust in government.  See Compl. 4, 10-11. Plaintiff alleges that defendants' actions violated his Fourth, Fifth, and Eighth Amendment

rights, and asserts claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.  See Compl. 5-6.  Additionally, plaintiff asserts state common law claims of conspiracy, excessive force, assault, battery, police brutality, false arrest, false imprisonment, malicious prosecution, misuse of legal procedures, willful misconduct, official misconduct, false swearing, perjury, extreme outrage, gross negligence, willful blindness, negligent training and supervision, and intentional infliction of emotional distress arising from defendants' actions.  See Compl. 6, 8-9.

On December 8, 2008, the plaintiff filed this Application for Pro Bono Counsel.  In his application, the plaintiff argues that he is entitled to appointed counsel because: (1) he does not feel he is able to argue his case against the defendants' attorneys; (2) his "skills in presenting the facts [are] limited"; (3) his case is complex; and (4) he needs someone who understands legal terminology and can effectively advocate on his behalf.  App. for Counsel, dated November 29, 2008 ("App. for Counsel") 3-4.

## DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts have broad discretion in determining whether the appointment of counsel is appropriate, and must assess each application on a case by case basis.  28 U.S.C. § 1915(d); Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).  In considering a request for appointment of counsel, the Court must first assess the threshold matter of ". . . whether the claimant's case has some arguable merit in fact and law."  Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002).  If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron, 6 F.3d at 156-57.  Assuming for the purposes of this application that the plaintiff's claims have merit, the Court will consider the Tabron factors to determine if appointed counsel is warranted.

First, the Court must assess whether or not the plaintiff has the ability to present his own case.  Generally, courts consider the plaintiff's education, literacy, prior work experience, prior litigation experience, and other restraints upon the plaintiff.  Id. at 156.  This also may include consideration of the availability of equipment such as typewriters, photocopiers, telephones and

computers, id.  Here, plaintiff states he needs an attorney to advocate on his behalf because his "skills in presenting the facts [are limited]" and he needs someone who understands court room terminology.  App. for Counsel 3.  Plaintiff's eleven-page Complaint, however, clearly presents the facts and alleges various state and federal causes of actions and demonstrates that the plaintiff is literate and sufficiently able to present the facts and articulate his claims for relief.  Moreover, plaintiff's other submissions, including submissions in connection with his tort claims notice and in forma pauperis application, demonstrate an ability to understand and comply with legal requirements in a clear, responsive, and successful way.  As such, the record before the Court suggests that plaintiff has the ability to present his own case.

     The second factor for consideration is the complexity of the legal issues presented in the case.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)).  Here, although the plaintiff describes the case as "complex" he does not explain how this action involves complex legal issues.  The plaintiff's civil rights claims, as well as plaintiff's state common law claims, arise out of a well developed body of case law, and the Complaint demonstrates the plaintiff's understanding of the law and the facts.  Therefore, the plaintiff's case does not involve the legal complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

     The third factor for consideration is the degree to which a factual investigation will be necessary and the ability of the plaintiff to pursue an investigation using the discovery tools made available under the Federal Rules of Civil Procedure.  Montgomery, 294 F.3d at 503.  A review of the documents plaintiff submitted to the Court demonstrates that the plaintiff understands the facts out of which his claims arise, Compl. 4, and he has access to the tools of discovery to further his investigation.  Therefore, this factor weighs against appointment of counsel.

     Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations.  Id.  "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest."  See Parham, 126 F.3d at 460 (emphasis added). The plaintiff alleges that the first incident of excessive force occurred in the parking lot of the Alexander Hamilton Housing Projects in Paterson, New Jersey.  The plaintiff states that the force continued after he fled and was subsequently caught and dragged into a building where defendants allegedly beat him.  The sequence of events shows that a portion of the alleged beatings occurred in public and a portion inside a building.  The plaintiff provided names of three witnesses and the existence of medical records.  Although the case will depend to some extent upon credibility determinations, it is too early to determine to what extent the case will result in a swearing contest and therefore, this factor weighs neither for or against appointment of counsel.

     Fifth, the Court may appoint counsel where the case will require expert testimony.  Tabron, 6 F.3d at 156.  The plaintiff's allegations of police brutality through beatings and excessive force and the alleged injuries would be understandable to a lay person without the assistance of an expert. Plaintiff's allegations of conspiracy and falsifying reports are similarly

3

understandable without the use of an expert.  Moreover, plaintiff has not asserted that expert testimony is essential to his ability to present his case.  See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  As such, this factor weighs against appointment of counsel.

      Sixth, the plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel.  See 28 U.S.C. § 1915(a) (providing a Court may grant IFP status, and allow a party to proceed without payment of fees and costs, to "a person who makes affidavit that he is unable to pay such costs or give security therefore").  Although the plaintiff was granted in forma pauperis status, and has, therefore, been found to be unable to pay the filing fee, and while indigence is a prerequisite for the appointment of counsel, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.

## CONCLUSION

      For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

      **SO ORDERED.**

      s/Patty Shwartz  
      United States Magistrate Judge